Mr. Jeff C. Harper City Attorney 201 N. Spring Street P.O. Box 1208 Springdale, AR 72765
Dear Mr. Harper:
You have requested, on behalf of the custodian of records for the City of Springdale, an official Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. §25-19-101 et seq.).
You indicate that the local newspaper has requested "any letters of reprimand or any records of disciplinary action applicable under the FOIA which have been taken against the Springdale Code Inspectors during the past month." You further indicate that the custodian of the records has declined to provide the requested records on the grounds that there is not a compelling public interest in their disclosure. You have provided me with copies of the records that are responsive to the request. They relate to the discipline of two code enforcement officers for the City of Springdale.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the custodian's decision not to release the requested records is not consistent with the FOIA.
The records you have provided me that appear to be responsive to the request include interview transcripts and notes, investigation notes, correspondence concerning the investigation, and letters notifying the two employees of their suspension. These records, in my opinion, all constitute "employee evaluation/job performance records," within the meaning of the FOIA. Although the FOIA does not define the term "employee evaluation/job performance records," my predecessors have consistently taken the position that "employee evaluation/job performance records" are records that were created by or at the behest of the employer and that relate to an employee's performance or lack of performance on the job.See, e.g., Ops. Att'y Gen. Nos. 2002-282; 98-006; 90-292.
"Employee evaluation/job performance records" are exempt from disclosure to the public unless the following three conditions have been met:
 • There has been a final administrative resolution of any suspension or termination proceeding;
 • The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 • There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
As you note in your correspondence, there is no doubt that the first two of the above-listed conditions have been met in your situation. The question, then, is whether there is a compelling public interest in the records that have been requested. The question of whether there is a compelling public interest in records is a question of fact. Having the reviewed the records, I have concluded that the public does have a compelling interest in the records that have been requested.
The phrase "compelling public interest" is not defined in the FOIA. Professor John Watkins, a commentator on the FOIA, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest' question[.]" Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 146. Professor Watkins also points out: "The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees[.]" It is my opinion that although the records that have been requested in your situation do not reflect egregious conduct, they do reflect an alleged misuse of the public trust by two public employees. These public employees were code enforcement officers who had responsibility for inspecting property for the purpose of detecting and citing local code violations, including violations that could constitute hazardous conditions, pollution, and other conditions that could impact upon the public's safety. It appears from the documents provided that these employees may have violated internal work hour requirements by taking longer breaks than were authorized by internal policy. A violation of this nature, if it occurred, on the part of employees whose salaries are paid with public funds would not only reflect a lack of regard for the public trust that has been placed in them, but could also have significant safety implications for the public. A factor that I find particular significant is that the alleged violations occurred at a time when there was considerable public debate about the efficient operations of these employees' department.
You indicate that the custodian's decision was based in part upon the fact that these employees were non-supervisory employees. Although it is true that a public employee's rank can impact the issue of whether there is a compelling public interest in that employee's records, see Watkins,Id., in my opinion that factor is outweighed in this case by the nature of the employees' alleged conduct at a time of public concern and debate about the operation of their department.
This combination of conditions leads me to conclude that there is a compelling public interest in the requested records. Accordingly, all of the conditions for the release of these records have been met.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General